ROBERT S. BLUMBERG, Bar No. 161649
DAVID S. MAOZ, Bar No. 233857
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: rblumberg@littler.com;
dmaoz@littler.com

Attorneys for Defendant
PALL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUN MA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PALL CORPORATION, a New York Corporation; STEIN HOLME, an individual; and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No. CV 10-4324-JFW (JCGx)<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>Complaint Filed: May 13, 2010<br>(Los Angeles County Superior Court)<br><br>NOTE CHANGES MADE BY THE COURT. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** the Parties Stipulation Re: Protective Order, attached hereto as Exhibit "A" is hereby entered in its entirety as an Order of this Court, subject to the revisions noted in the Protective Order.

Dated: December 15, 2010

_____
HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1.

# EXHIBIT A

1  ROBERT S. BLUMBERG, Bar No. 161649
   DAVID S. MAOZ, Bar No. 233857
2  LITTLER MENDELSON
   A Professional Corporation
3  2049 Century Park East
   5th Floor
4  Los Angeles, CA  90067.3107
   Telephone: 310.553.0308
5  Facsimile: 310.553.5583
   E-mail: rblumberg@littler.com;
6  dmaoz@littler.com

7  Attorneys for Defendant
   PALL CORPORATION
8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11 | KUN MA, an individual,              | Case No. CV 10-4324-JFW (JCGx)
12 |              Plaintiff,             | **STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**
13 | v.                                  |
14 | PALL CORPORATION, a New York        | Complaint Filed: May 13, 2010
   | Corporation; STEIN HOLME, an        | (Los Angeles County Superior Court)
15 | individual; and DOES 1 through 25   |
   | inclusive,                          |
16 |                                     |
17 |              Defendants.            | **NOTE CHANGES MADE BY THE COURT**

18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

## I. PURPOSE OF STIPULATION AND PROTECTIVE ORDER.

It is the purpose of this Protective Order to allow the parties to this lawsuit to have reasonable access to information from the other parties to this lawsuit while providing those parties and third-parties with a means for limiting access to, and disclosure of, confidential proprietary information that is produced in this lawsuit.

## II. DEFINITIONS.

(a) Party. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors and employees.

(b) Counsel. "Counsel" means:

(1) Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action; and,

(2) The Law Offices Of Mark Joseph Valencia, A Law Corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

(c) Discovery Material. "Discovery Material" means any information, document, tangible thing, response to discovery requests, disclosure pursuant to the Federal Rules of Civil Procedure, including, but not limited to, written discovery, deposition testimony or transcripts, and any other similar materials, or portions thereof.

(d) Designating Party. "Designating Party" means a Party or third party in this action that designates materials produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise), as "CONFIDENTIAL INFORMATION." and/or "HIGHLY CONFIDENTIAL INFORMATION."

(e) Receiving Party. "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party, who receives Discovery Material.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1.

1   (f) CONFIDENTIAL INFORMATION. "CONFIDENTIAL
2   INFORMATION" is defined herein as documents regarding Plaintiff Kun Ma's
3   ("Plaintiff") work for Defendant Pall Corporation ("Pall"), or other corporate
4   documents, non-public proprietary information, financial information not released or
5   announced to the public, customer lists, personnel information, and/or information
6   protected by the right to privacy under any state or federal constitutional provision, or
7   any similar statute, rule, or regulation but which does not constitute HIGHLY
8   CONFIDENTIAL information, as set forth in subparagraph (g). The Parties cannot
9   reasonably anticipate all information that will be requested and produced in this
10  action, and they therefore reserve the right to designate as CONFIDENTIAL
11  INFORMATION any document or category of information, which they in good faith
12  believe is entitled to the designation even if it is not expressly mentioned in the
13  definition above.

14  (g) HIGHLY CONFIDENTIAL INFORMATION. "HIGHLY
15  CONFIDENTIAL INFORMATION" is defined as extremely confidential or sensitive
16  proprietary, business, information, including information which constitutes, discloses,
17  reveals, describes or discusses, in whole or in part, a trade secret within the meaning
18  of the California Uniform Trade Secrets Act, future business plans, information
19  regarding products not released or announced to the public, and would include, but
20  would not be limited to Plaintiff's Laboratory notebook, and other correspondence
21  specifically containing the actual results of Plaintiff's research and methodology. The
22  Parties cannot reasonably anticipate all information that will be requested and
23  produced in this action, and they therefore reserve the right to designate as HIGHLY
24  CONFIDENTIAL INFORMATION any document or category of information, which
25  they in good faith believe is entitled to the designation even if it is not expressly
26  mentioned in the definition above.

27  (h) Protected Material. "Protected Material" means any Discovery Material,
28  and any notes or other records embodying or disclosing the contents of such

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

Discovery Material, that is designated as "Confidential Information" and/or "Highly Confidential Information" in accordance with Paragraphs III(a) and III(b) below.

(i) Jury Consultant. "Jury Consultant" means an established professional in the field of jury consultancy and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(j) Graphics Vendor. "Graphics Vendor" means an established professional in the field of graphics preparation and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(k) Independent Expert. "Independent Expert" means an expert and/or independent consultant actually retained or employed to advise or to assist counsel in the preparation and/or trial of this action and who is not employed by a Party, or any affiliate of any Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

**III. DESIGNATION OF PROTECTED MATERIAL.**

(a) Any document, any information produced on magnetic disks or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by any Party to contain or constitute CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION shall be so designated by such Party. Each page of each document, and the front of each disk, that contains CONFIDENTIAL INFORMATION shall be marked on its face with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Each page of each document, and the front of each disk, that contains HIGHLY CONFIDENTIAL INFORMATION shall be marked on its face with the legend "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Transcript pages containing or constituting HIGHLY CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION" on each page. If a Receiving Party

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION to a person or party not described below in Paragraph IV(a), it shall first redact all pages designated as CONFIDENTIAL and HIGHLY CONFIDENTIAL.

(b) All designations of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION shall be made on or before the time of the production of the information, except in the case of a production made by a third party to the action. In such case, a Designating Party may make such designation within fourteen (14) days of receipt of such production. For a period of fourteen days from the date of such production, the information shall be treated as if it was produced pursuant to a designation of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, as applicable.

IV. ACCESS TO PROTECTED MATERIAL.

(a) In the absence of written permission from a Designating Party or an order of the Court, any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION produced or designated in accordance with the provisions of Paragraph III(a) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) the Receiving Party; (b) Counsel for the Receiving Party including necessary support personnel of counsel; (c) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation; (d) Jury Consultants, Graphics Vendor, and Independent Experts who are engaged for the purpose of this action by the Party receiving the information and their support personnel; (e) the individual who authored, prepared or received the information; and (f) certified court reporters, translators, and videographers taking testimony involving such CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION (with each such person or entity

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553 0308

4.

being a "Qualified Recipient" of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION, as the case may be).

(b) Custody of Protected Material. All documents containing information designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the custody of Counsel for the parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else, except that (i) Jury Consultants, Graphics Vendors, and Independent Experts may retain documents containing Protected Material on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case, and (ii) the Parties to the action may retain documents containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case. A person with custody of Protected Material shall maintain it in a manner that limits access to qualified persons.

(c) Independent Expert. Subject to the provisions of this Order, all Protected Material may be disclosed to any Independent Expert who has agreed in writing or on the record of a deposition to be bound by this Order. Counsel need not identify the prospective expert to the other parties, except as ordered by the Court or as required by the Code of Civil Procedure.

(d) Jury Consultants/Graphics Vendors. Subject to the provisions of this Order, all Protected Material may be disclosed to Jury Consultants and Graphics Vendors who have agreed in writing to be bound by this Order. Counsel need not identify the prospective Jury Consultant or Graphics Vendor to the other parties.

(e) Acknowledgement of Protective Order. Before obtaining access to any Protected Material covered by this Protective Order, any qualified person who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgement

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
6th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

attached as Appendix A, indicating that they have read and understood this Protective Order and agree to be bound by its terms.

(f) **Disclosure Pursuant to Consent.** Protected Material also may be disclosed to anyone so authorized by prior written consent of the Designating Party.

(g) **Conduct of Deposition.** Where testimony at a deposition involves disclosure of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION, such deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Stipulated Protective Order.

(h) **Disclosure of Confidential and/or Highly Confidential Transcripts to the Deponent.** Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Acknowledgement Form.

(i) The limitation on disclosure contained in this Protective Order shall not apply to documents or information that are or become published or available in a lawful manner that is not in violation of this Protective Order. Nothing in this Stipulated Protective Order shall be deemed to restrict in any way any Party's or third party's own documents or information, or his, her or its attorneys with respect to that Party's or third party's own documents or information.

V. **COURT PROCEDURES.**

All documents, including, but not limited to, transcripts of depositions, answers to interrogatories or pleadings using, referring to or incorporating "HIGHLY CONFIDENTIAL" materials, shall be filed with the Court under seal. Plaintiff is free to challenge such designation, provided that until the Court makes a determination, the documents will be treated as "HIGHLY CONFIDENTIAL." All copies of such papers shall be kept in confidence by the other parties as provided in this Order.

*In accordance w/ p.9, 6.1.* [handwritten marginalia]

6.

## VI. HANDLING OF PROTECTED MATERIAL.

(a) Before a court reporter receives any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION, he or she first shall have read this Order and agreed in writing or on the record to be bound by the terms thereof.

(b) Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analysis of Protected Material for use in connection with the above-entitled litigation and such working copies, abstracts, digests and analysis shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a Qualified Recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to Qualified Recipients.

(c) If a Party through inadvertence produces any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION, as applicable, and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Unless the Parties otherwise agree to an alternate method for handling such Protected Materials, promptly upon providing such notice to the Receiving Party, the Party which has provided notice as set forth herein shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this Order, at which time the Receiving Party shall return the originally-produced documents and things to the Designating Party. The Receiving Party's disclosure, prior to the receipt of notice of a new

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7.

designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order. If such efforts are unsuccessful, the Receiving Party shall notify the Party which has provided notice as set forth herein of the disclosure and the identity of the person or entity to whom the disclosure was made.

    (d)    A Party or present employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION produced by that Party.

    (e)    A former employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION produced by that Party which clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the former employee during the period or periods of his or her employment (other than through inadvertent or wrongful disclosure).

    (f)    Non-parties may be examined and may testify concerning any document containing CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION of a Producing Party which clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party (other than through inadvertent disclosure).

    (g)    If such designation is not made at the time of the deposition, any transcript containing CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION shall be designated as containing such information by no later than fourteen (14) days after the date of the Designating Party's Counsel's receipt of the deposition transcript, which designation shall be in writing served on all parties. Pending expiration of this fourteen (14) day period, all

parties shall treat the testimony and exhibits as if such materials had been designated as "CONFIDENTIAL INFORMATION," and/or "HIGHLY CONFIDENTIAL INFORMATION," as the case may be. Except as provided herein, any such transcript, testimony and/or exhibits shall not be subject to this Protective Order unless later designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL as provided herein.

VII. **DESIGNATION NOT DETERMINATIVE OF STATUS.**

A Party shall not be obligated to challenge the propriety of a designation under this Stipulated Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The designation or failure to designate material as CONFIDENTIAL OR HIGHLY CONFIDENTIAL shall not be determinative of that material's status as a trade secret or proprietary information. All challenges to the propriety of a confidentiality designation shall first be made in writing by letter or other document identifying the specific material challenged. Within fourteen (14) days of such a challenge, the Designating Party shall substantiate the basis for such designation in writing to the other Party, or forever waive the protections of this Order with respect to the challenged information. The Parties shall first attempt to resolve such challenges in good faith on an informal basis. If the dispute cannot be resolved, the Party seeking to maintain the designation may seek appropriate relief from the Court, *in strict accordance w/ L.R. 37-1 and 37-2.* If such relief is not sought within thirty (30) days after the letter substantiating the designations were sent to the Receiving Party, the Protected Material shall be re-designated in accordance with the challenging party's proposed designation as set forth in the letter referenced herein by the challenging Party. The burden of proof shall be on the Party claiming confidentiality. Any document designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved in the manner set forth herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

9.

## VIII. RIGHT TO FURTHER RELIEF.

Nothing in this Stipulated Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

## IX. RIGHT TO ASSERT OTHER OBJECTIONS; ORDER NOT ADMISSIBLE; EXCEPTION.

(a) This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material. Specifically, nothing in this Stipulated Protective Order shall affect the rights of any Party (or third party) to object to discovery on any grounds (except with regard to objections based on the need for a Protective Order of the nature and containing such provisions as are set forth herein), nor shall this Stipulated Protective Order relieve any Party (or third party) of the necessity to serve proper responses or objections to discovery requests and this Stipulated Protective Order shall not preclude any Party (or third party) from seeking further relief or protective orders from the Court as may be appropriate.

(b) This Stipulated Protective Order, the fact of its adoption or entry, and any provision of this Stipulated Protective Order and/or the acknowledgement form attached hereto, shall not be admissible for any purpose in this litigation, except to the extent necessary to enforce the terms of this Protective Order.

## X. FINAL DISPOSITION.

Within ninety (90) days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or non-party as containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION and all copies, summaries and abstracts thereof, and shall return such documents and things to the Producing Party; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, hearing and deposition transcripts, legal memoranda, correspondence, work product and attorney-client communications that include or are

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.653.0308

10.

derived from Protected Material to the extent that such materials themselves are not designated as CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION.

## XI. SURVIVAL OF OBLIGATIONS.

The obligations created by this Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Stipulated Protective Order and to make such amendments and modifications to this Order as may be appropriate.

## XII. EXECUTION AND COUNTERPARTS.

This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

Dated: December 13, 2010

LITTLER MENDELSON
A Professional Corporation

ROBERT S. BLUMBERG
DAVID S. MAOZ
Attorneys for Defendant
PALL CORPORATION

Dated: December ___, 2010

THE LAW OFFICES OF MARK JOSEPH VALENCIA, A LAW CORPORATION

MARK JOSEPH VALENCIA
Attorneys for Plaintiff
KUN MA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

derived from Protected Material to the extent that such materials themselves are not designated as CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION.

## XI. SURVIVAL OF OBLIGATIONS.

The obligations created by this Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Stipulated Protective Order and to make such amendments and modifications to this Order as may be appropriate.

## XII. EXECUTION AND COUNTERPARTS.

This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

Dated: December ___, 2010

LITTLER MENDELSON
A Professional Corporation

_____
ROBERT S. BLUMBERG
DAVID S. MAOZ
Attorneys for Defendant
PALL CORPORATION

Dated: December 10, 2010

THE LAW OFFICES OF MARK JOSEPH VALENCIA, A LAW CORPORATION

_____
MARK JOSEPH VALENCIA
Attorneys for Plaintiff
KUN MA